(No. 1116—

WILLIAM V. HOIER, DOING BUSINESS AS WM. V. HOIER & COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 13, 1929.*

FREDERICK C. JONAS, for claimant.

OSCAR E. CARLSTROM, Attorney General; ROY D. JOHNSON, Assistant Attorney General, for respondent.

Mr. JUSTICE THOMAS delivered the opinion of the court:

On November 1st, 1922, claimant entered into a contract with the State to provide all the materials and perform all the work for the installation of the heating, ventilating and refrigerating systems for the main building and orthopedic building of the research and educational hospitals of the State located in Chicago. The work to be done under this contract included the construction and installation of a temporary boiler plant by claimant. The contract, however, gave the State the right to make additions to and deductions from the work to be performed under it, and some time after its execution the State determined not to have the temporary boiler plant constructed. On August 22, 1923, the State entered into a second contract with claimant whereby he agreed to do certain specified additional work at these hospitals, which included the construction and installation of the temporary boiler plant above mentioned by November 1, 1923. On June 9, 1924, claimant entered into a third contract with the State to provide all the materials and perform all the work for the complete equipment of the power house at these hospitals, the work to be finished by October 15, 1924. On June 11, 1924, the State also entered into a contract with the C. A. Moses Construction Company to provide all the materials and perform all the work for the construction of the power house by October 15, 1924. For some reason not disclosed in this record, but through no fault of claimant, the

construction of the power house had not even been begun on the date it should have been completed, and claimant for that reason was not able to perform his contract to install, the equipment by that date. The failure to have the power house constructed within the time specified necessitated the use of a temporary boiler plant until its completion, which was not until October 1, 1925. As this delay was not the fault of claimant the State officials agreed that if he would leave his temporary boiler plant there and allow the State to use it until the power house could be built and the permanent plant installed he should be paid a reasonable price per day for its use for such time as the State should use, and with that understanding it was permitted to remain and was used for 350 days after October 15, 1924.

Claimant alleges that in the performance of these contracts he furnished the State certain extras for which he has not been paid and that the State should also pay him at the rate of $20.00 per day for the use of his temporary boiler plant for the time the State used it after October 15, 1924, and files this claim for $7,384.60 itemized as follows:

For use of temporary boiler plant 350 days
  @ $20.00 per day.....................$7,000.00

For substituting larger pipe..............$   77.00

For installing an additional radiator......$  81.50

For changing pipe connections............$  226.10

The evidence of the claimant shows that the use of the temporary boiler plant was reasonably worth at least $20.00 per day and that the extras were furnished at the direction of the supervising architect. The State has introduced no evidence and concedes claimant is entitled to the amount demanded.

It is therefore ordered that claimant be and he is hereby awarded the sum of $7,384.60.